IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS I. HOPPS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02476-SHM-CGC |
| | ) | |
| LOWE'S HOME CENTER, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated July 14, 2017 (the "Report"). (ECF No. 7.) The Report recommends that the Court *sua sponte* dismiss Plaintiff Travis Hopps's claims against Defendant Lowe's Home Center, LLC. (Id. at 29.)[1] Plaintiff has not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

**I. Background**

On July 7, 2017, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (ECF No. 1.) The Complaint alleges:

> My alleged incident started Jan 2015 to Dane Parker Assistant store manager who [was] my supervisor for a year and 5 months before Mike Halley (ASM) took over

---
[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

> three months of my discharge. I reported numerous allegation from discrimination and retaliation to Dane Parker (ASM) about Mike Halley from Jan 2015 to Sept 2015 but I was unable to stop name calling like "BOY" come here or singling me out because I'm BLACK. Lowe's did a poor job of protecting my right under law 501-1-801, 47-18-802 and 50-7-303 from discrimination, retaliation, and wrongful discharge for misconduct of these codes.

(Id. at 7.) Plaintiff requests $650,000 in compensatory damages. (Id. at 6.)

On July 7, 2017, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.)

On July 14, 2017, United States Magistrate Judge Charmiane G. Claxton entered the Report. (ECF No. 7.) The Report recommends that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(ii) because "Plaintiff's complaint does not contain the minimum requirement of a short and plain statement indicating his entitlement to relief." (Id. at 29.) The Report recommends that Plaintiff's motion to proceed *in forma pauperis* be granted. (Id. at 26.) The Report also recommends "that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*." (Id. at 30.)

## II. Analysis

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-

2

court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. §

636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

**III. Conclusion**

For the foregoing reasons, the Report is ADOPTED. Plaintiff's motion to proceed *in forma pauperis* is GRANTED. The action is DISMISSED. The Court CERTIFIES that any appeal by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal *in forma pauperis*.

So ordered this 13th day of April, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4